NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

IN THE COUNTY COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NUMBER:

John Doe,

individually and on behalf of all others

similarly situated,

     Plaintiff,

v.

JPMorgan Chase Bank, N.A.,

.

     Defendant.

_____/

**[JURY DEMANDED]**

## COMPLAINT

Plaintiff John Doe (hereinafter "Doe"), individually and on behalf of all others, hereby sues Defendant JPMorgan Chase Bank, N.A. (hereinafter "Chase") for violations of the Florida Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA"). These are all based on Florida state law. As a direct and foreseeable result of Defendant's wrongful actions detailed in this lawsuit, Plaintiff and other similarly situated individuals have incurred actual damages, statutory damages, costs, and attorney's fees (provided by statute). This lawsuit is only being filed as a last resort after Plaintiff attempted to contact Defendant numerous times to resolve this dispute prior to commencing this claim.

In support thereof Plaintiff Doe states as follows:

## GENERAL ALLEGATIONS

## BACKGROUND INFORMATION

1

1. Defendant JP Morgan Chase, N.A. is one of the largest banks both in the United States and globally in both size of assets and employee count.

2. At nearly four trillion dollars in assets, Defendant Chase is the single largest banking entity in the United States.

3. At the same time, the Defendant's Sapphire credit card family is one of the most widely used credit cards in American history

4. Yet, rather than trading in a positive manner on Defendant's rich history dating back to the year 1799, Defendant instead wrongfully uses illegal "fees" to gouge innocent consumers, like Plaintiff and others similarly situated, out of material sums of hard-earned money.

5. In particular, Defendant Chase has wrongfully accessed Plaintiff with arbitrary "fees" to basic transactions used by consumers, like Plaintiff and others similarly situated class members (hereinafter "Class Members"), with (1) purported "foreign transaction fees" for engaging with U.S. based corporations, through U.S. based websites, and paying in United States dollars and (2) alleged "cash advance" fees for using services like Venmo, which are defined by the merchant to "not be a case advance service.

6. Worse yet, consumers, like Plaintiff and Class Members, can easily, quickly and freely question, dispute, and/or raise concerns on Defendant Chase's website and/or mobile app about practically any charge on a bill from any merchant, but the illegal, alleged "fees" collected to benefit Defendant and give rise to this action are not disputable on Defendant's website and/or mobile app.

7. Therefore, Defendant wrongfully uses the moniker or label of "fees," illegally accesses said "fees," and then adds insult to injury by improperly adding hurdles for consumers, like Plaintiff and Class Members, to challenge these purported "fees" because Defendant has a

2

conflict of interest to benefit directly from the alleged "fees" spawning this instant matter.

8.      In this particular action, Plaintiff had to take time out of his workday with clients, to call Defendant on multiple occasions to question these charges.  Yet, as detailed below, Defendant's agents first advised that they could not dispute the improper "fees," then promised to have a supervisor contact Plaintiff about these wrongful charges, and then, unsurprisingly, Plaintiff was never contacted by Defendant.

9.      As a result, Defendant's improperly charged and labelled "fees" have remained on Plaintiff's bill and have been improperly collected by Defendant at Plaintiff's expense.

## PARTIES

10.      Plaintiff John Doe is and was at all times relevant to this action resident of the State of Florida, and is otherwise *sui juris*.  Plaintiff has a residential and work address in Miami-Dade County, Florida.  Plaintiff Doe has availed himself of Florida caselaw that allows him to proceed as "John Doe" during the pendency of this litigation because otherwise revealing his name associated with this matter would bring further reputational harm for which he has already been victimized.

11.      Defendant JPMorgan Chase Bank, N.A. is a corporation believed to be incorporated in the State of Delaware, with its principal place of business listed on the Florida Secretary of State as Ohio.

## JURISDICTION AND VENUE

12.      This is an action for damages of $99.00 or less, within the jurisdictional limit of this Court, exclusive of interest, costs, liquidated damages, statutory and attorneys' fees; and in all respects meets the jurisdictional requirements of this Court pursuant to Florida Statutes § 34.01.

13.      This Court has personal jurisdiction over Defendant pursuant to Florida Statute §48.193(1)(a) because: (1) Plaintiff Doe resides in Miami-Dade County, Florida; (2) the cause

of actions sued on in this complaint arose from statutory violations that Defendant caused to incur in Miami-Dade County, Florida; (3) Defendant sent emails to Plaintiff knowing that the Plaintiff is located in Miami-Dade County, Florida; (4) the damages, costs, and fees complained of in this suit have and continue to accrue in Miami-Dade County, Florida; (5) Defendant Chase has obtained a certificate of authority from the Florida Department of State, Division of Corporations to transact business in the State of Florida; (6) and the large number of business operations that Defendant maintains in Florida, coupled with the number of employees of Defendants in the State of Florida, and the volume of business transacted by Defendant in the State of Florida qualify Defendant as "operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state [Florida]". Fla. Stat. §48.193(1)(a)(1).

14.     Upon opening this account at issue, Plaintiff timely elected to opt out of Defendant Chase's class action waiver.

15.     Defendant Chase's cardmember agreement specifically authorizes jurisdiction for a small claims court to adjudicate this matter.

16.     Venue is proper in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

17.     Plaintiff works full time as a professional in Miami-Dade County, Florida.

18.     Defendant JPMorgan Chase & Co. is a bank which offers credit cards, including those giving rise to the instant action before this Court.

19.     Defendant is required to abide by consumer protection laws, including the Florida Unfair and Deceptive Trade Practices Act.

4

20.    FDUPTA incorporates a number of consumer protection laws, including those that are applicable here.

21.    FDUTPA provides an avenue to punish a wrongdoer for "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204.

22.    Violations of FDUTPA may be premised on any law or statute that "proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." Fla. Stat. § 501.203(3)(c).

23.    Nowhere in the Cardmember agreement between Plaintiff and Defendant is there any provision and/or agreement enabling Defendant to charge Plaintiff and Class Members with arbitrary and capricious "fees" for (1) purported "foreign transaction fees" for engaging with U.S. based corporations, through U.S. based websites, and paying in United States dollars and/or (2) alleged "cash advance" fees for using services like Venmo, which are defined by the merchant to "not be a case advance service.

24.    Plaintiff and Class Members would not have agreed to any Cardmember agreement and/or provision to pay arbitrary and capricious "fees" for (1) purported "foreign transaction fees" for engaging with U.S. based corporations, through U.S. based websites, and paying in United States dollars and/or (2) alleged "cash advance" fees for using services like Venmo, which are defined by the merchant to "not be a case advance service."

25.    Between Aug. 7, 2025 and Sept. 2, 2025, Defendant wrongfully charged Plaintiff seven separate times in the amount of $10.00 or $16.99 for an alleged "Transaction Fee" or "Foreign Transaction Fee."

26.    The only temporally close transactions for which Defendant *may* have accessed these fees

5

*may* have stemmed from Plaintiff charging a nominal amount to Plaintiff's Venmo account or on Virginia-based Hilton Hotels' U.S. website.

27. Venmo is defined as a peer-to-peer platform for sending and receiving money between trusted contacts, family, and businesses.

28. In fact, Venmo's website describes Venmo not to be a cash advance or loan service.

29. As detailed above, Plaintiff was unable to dispute and/or challenge Defendant's six alleged "fees" directly on Defendant's website or online.

30. When Plaintiff called Defendant several days after seeing these four wrongful "fees," a "Customer Service Agent" with Defendant Chase advised Plaintiff that the agent could not remove the charges and need to have a supervisor contact Plaintiff to remove the charges.

31. At no time relevant to this action did any such supervisor ever contact Plaintiff.

32. At no time relevant to this action were *any* of the six above-referenced charges removed from Plaintiff's account.

33. At no time relevant to this action has any agent of Defendant attempted to contact Plaintiff about the alleged "fees" giving rise to this action.

34. Aa of May 3, 2026, all four purported "fees" are still showing as having been accessed and charged to Plaintiff's account.

35. In a separate phone call on or about April 26, 2026, Plaintiff contacted Chase regarding two more wrongful "fees" appearing on Plaintiff's February 2026 bill. The Chase customer service agent advised that the purported "fees" could not be removed.

36. On or about Oct. 8, 2025, Plaintiff was charged by Defendant in the amount of $16.99 for

6

a "Foreign Transaction Fee" despite the fact that on Oct. 8, 2025 – and for many weeks prior to that date and in the many months since that date – Plaintiff has not been outside of the United States at *any* point.

37. As detailed above, Plaintiff was unable to dispute and/or challenge these seven alleged "fees" on Defendant's website or online.

38. Additionally, Plaintiff was unable to click on the purported "Foreign Transaction Fee" to learn more about this purported foreign transaction.

39. The only temporally close charge was made for a stay at Hampton by Hilton, a company based in McLean, Virginia (USA), traded on the New York Stock Exchange, for a charge made on Hilton's U.S. website, from Plaintiff's home in the State of Florida.

40. Plaintiff and Class Members have suffered actual damages due to these wrongful, alleged "fees" charged by Defendant.

41. As a direct result of Defendant's actions detailed in this matter, Plaintiff has incurred actual damages.

42. There is a direct link between Defendant's deceptive or unfair practice and the losses suffered by Plaintiff in this action.

43. Reasonably prudent consumers like Plaintiff under the same circumstances are likely to be deceived by Defendant because Defendant fails to alert consumers like Plaintiff that Defendant will access (1) a "cash advance fee" for using a service defined *not* to be a cash advance service and (2) a "foreign transaction fee" for making a purchase from a home in Miami, Florida, from a company based in McLean, Virginia, on a U.S. operated website.

44. The facts described here are particularly troubling because Defendant both fails to alert

7

consumers, like Plaintiff and others similarly situated, to these wrongful, purported "fees" and then fails to provide consumers, like Plaintiff and Class Members, with a meaningful opportunity to have the fees questioned, disputed, challenged, and/or removed.

45. Plaintiff has a near-perfect payment record with Defendant, paying virtually every monthly bill in full and on time, year after year of usage of Defendant Chase's credit card.

46. Defendant has earned significant fees from Plaintiff's use of the credit card at issue in this matter.

47. The actual fees generated by Plaintiff's routine spending on Defendant's issued credit card generates material profits and revenues for Defendant.

48. Plaintiff and Class Members would not have used Defendant's Sapphire card at issue in this matter had Plaintiff and Class Members been alerted in advance to the purported "fees" that Defendant accesses and charges against Plaintiff and Class Members for use of a non-cash advance company like Venmo or to pay a U.S. based company for a hotel through a U.S. based website.

49. Defendant's deceptive and/or unfair practices wrongfully caused Plaintiff and Class Members to be charged with numerous, wrongful, alleged "fees."

50. Public policy mandates and requires that Defendant cease the conduct detailed in this action and compensate Plaintiff and Class Members for the damages incurred.

51. It is immoral, unethical, oppressive, or unscrupulous, and offends established public policy, causing substantial injury to consumers, like Plaintiff and Class Members, for Defendant to continue to engage in the conduct detailed in this action.

52. Plaintiff has made numerous good-faith attempts to resolve this matter with Defendant for days on end and Defendant has failed to offer any meaningful attempt to resolve this matter.

NOT AN OFFICIAL COPY - PUBLIC ACCESS, NOT AN OFFICIAL COPY - PUBLIC ACCESS

53. Worse yet, the very conduct detailed by Defendant against Plaintiff and Class Members appears to be pattern widely complained of by *numerous* other similarly situated victims. *See*, *e.g.*, Reddit, "$10.00 Transaction Fee Plus Immediate Finance Charges on Venmo P2P Transactions" (accessible at: https://www.reddit.com/r/Chase/comments/xyge0f/1000_transaction_fee_plus_immediate_ finance/) (last accessed: May 3, 2026):

   a) "Just like the title says, Chase is now charging a $10 per transaction Venmo fee (I'm assuming this is also happening with PayPal friends and family transactions) for every person-to-person transaction. When we got our bill we had $50 in charges for paying our son's tutor, 2 hairstylists…"

   b) "So that should also explain the mysterious $1 to $3 cash advance charges at the top of every statement, being interest related to Venmo payments? And that I shouldn't have those unless I have a Venmo payment that month, too?"

   c) "I just noticed these fees in my balance and after looking at the dates it looks like it goes back to August. Looking at other people writing about it it seems like August of this year was the 1st month that they started doing this with no notification to its users (Chase)."

   d) "Four of our recent Venmo charges have had an unexplained $10 Transaction fee... just don't want a $10 fee for trying to send $15 to the person buying a gift for my son's soccer coach."

   e) "is it possible to get these $10 transaction fees wa[i]ved now or is it too late for the possible grace period they gave some customers? Just noticed this is and I have about 9 of these charges from the past couple of months."

   f) "Chase will find themselves less relevant in due time."

g) "I just found I had $530 in these fees over last 2 years. Son using card at college, lots of Venmo to friends."

h) "I have just sent my concerns to my US Senator about how this is pure abuse by the Big Boy Banks against the Little Guy entrepreneurs who use such P2P methods for payment. I would ask anyone here to similarly send such concerns. If enough Senators get such concerns, they will look into it and prohibit banks from doing this.  We don't have to take this sheet lying down."

54. Plaintiff and Class Members specifically pleads attorneys' fees, court costs, and actual damages incurred by Defendant's actions here.

55. It is especially troubling and concerning in this action that Defendant invests in and spends a material amount of resources to advertise to victims like Plaintiff and Class Members with incentives, bonuses, and marketing campaigns for victims like Plaintiff and Class Members to use Defendant's issued Sapphire card(s) on charges like hotels, accommodations, and Venmo while intentionally failing to disclose in the same manner and as obviously and openly that Defendant will unfairly and deceptive engage in the level of nickel and diming of alleged "fees" detailed in this Complaint.

56. Defendant Chase's omission(s) (hereinafter "Omissions") constitute(s) a material misrepresentation to victims like Plaintiff and Class Members.

57. As a result, Plaintiff and Class Members have no choice but to file the instant suit before this Court.

## <u>CLASS ALLEGATIONS</u>

58. Plaintiff John Doe bring this action individually and on behalf of the following Class:

a) **Florida Class**: All persons who, during the applicable statute of limitations to the present, were wrongfully charged any improper cash-advance "transaction fee" or "foreign transaction" by Defendant Chase on a credit card issued by Defendant Chase for using U.S. based Venmo (defined by Veno not to be a cash advance service) or paying a U.S. based merchant on the U.S. merchant's website.

59. Excluded from the Class are Defendant, any of Defendant's parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, or coconspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

60. This action is brought and may be properly maintained as a class action. There is a well-defined community of interests in this litigation and the Class Members are easily ascertainable.

61. **Numerosity**: The Class Members are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of the Class Members in a single action will provide substantial benefits to the parties and Court.

62. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class Members, and those questions predominate over any questions that may affect individual Class Members. Questions of law and fact common to Plaintiff and the Class include, but are not limited to, the following:

a) whether the alleged "fees" charged by Defendant detailed in this Complaint were unfairly and deceptively labelled;

b) whether the alleged "fees" charged by Defendant detailed in this Complaint were unfairly and deceptively accessed;

11

c) whether the alleged "foreign transaction fees" charged by Defendant detailed in this Complaint were unfairly and deceptively accessed;

d) whether the hardships implemented by Defendant to remove and/or dispute the alleged "fees" charged by Defendant detailed in this Complaint were unfairly and deceptively implemented;

e) whether the Omissions were misleading;

f) whether Defendant owed a duty to disclose;

g) whether Defendant knew or should have known that victims like Plaintiff and Class Members would be misled;

h) whether Defendant wrongfully failed to obviously inform victims like Plaintiff and Class Members situated of the alleged "fees" before charging said victims.

63. Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of all the Class Members. Identical statutory violations and business practices and harms are involved. Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action.

64. **Typicality**. Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and the Class Members sustained damages as a result of Defendant's uniform wrongful conduct during transactions with them.

65. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and there are no defenses unique to Plaintiff.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class Members and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the Class Members.

12

66. **Risks of Prosecuting Separate Actions**: This case is appropriate for certification because prosecution of separate actions would risk either inconsistent adjudications which would establish incompatible standards of conduct for Defendant or would be dispositive of the interests of members of the Classes.

67. **Policies Generally Applicable to the Classes**: This case is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Plaintiff and Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct towards Class Members and making final relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the Class Members uniformly, and Plaintiff's challenge to those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on individual facts or law applicable only to Plaintiff.

68. **Superiority**: This case is also appropriate for certification because class proceedings are superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and the Class Members. The injuries suffered by each Class Member are relatively small in comparison to the burden and expense of individual prosecution of the litigation necessitated by Defendant's conduct. Absent a class action, it would be virtually impossible for the Class Members to obtain effective relief from Defendant. Even if Class Members could sustain individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties, including the Court, and would require duplicative consideration of the common legal and factual issues presented here. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court.

**COUNT I – VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FLA. STAT. §§ 501.201 – 501.213) ["FDUTPA"]**

13

Plaintiff and Class Members re-allege, and adopt by reference herein, Paragraphs 1-68 above, and further allege:

69.     Chapter 501, Fla. Stat., Florida's Deceptive and Unfair Trade Practices Act is to be liberally construed to protect the consuming public, such as Plaintiff Doe in this case, from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

70.     Plaintiff Doe is a consumer within the meaning of Fla. Stat as an individual. § 501.203(7).

71.     Defendant Chase engaged in trade and commerce within the meaning of Fla. Stat. § 501.203(8).

72.     While FDUTPA does not define "deceptive" and "unfair," it incorporates by reference other interpretations of these terms; those references find that a "deceptive act or practice" encompasses "a representation, omission or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."

73.     Defendant has wrongfully accessed numerous, wrongful "fees" against Plaintiff and Class Members.

74.     As a result of Defendant's deceptive trade practices, Plaintiff was deceived into providing $76.99 to Defendant – thus causing Plaintiff economic damages.

75.     Moreover, Plaintiff and Class Members have incurred substantial damages in attorney's fees and costs to bring this action.

76.     Defendant Chase's actions detailed in this Complaint fail to comply with FDUPTA.

77.     The materially false statements and Omissions as described above relating to Defendant's wrongful "fees"; and the fact that Defendants perpetrated upon Plaintiff and Class

14

Members the above reference misrepresentations were unfair, unconscionable, and deceptive practices perpetrated on Plaintiff and Class Members, which would have likely deceived a reasonable person under the circumstances.

78.     Defendant, through its own advertising and representations, were on notice at all relevant times that the false representations and advertisements were all made to deceive victims like Plaintiff and Class Members into wrongfully paying Defendant for Defendant's unlawful and wrongfully charged "fees."

79.     As a result of the false representations described above, Plaintiff and Class Members have been damaged by, among other things, paying Defendant.

80.     Plaintiff and Class Members have also been damaged in other and further ways subject to proof at trial.

81.     Therefore, Defendant engaged in unfair and deceptive trade practices in violation of Fla. Stat. section 501.201 *et seq.*

82.     Pursuant to Fla. Stat. §§ 501.211(1) and 501.2105, Plaintiff and Class Members are entitled to recover from Defendant the reasonable amount of attorney's fees and costs Plaintiff and Class Members have incurred in representing Plaintiff and Class Members' interests in this matter.

**WHEREFORE**, Plaintiff Doe and Class Members demand judgment against Defendant JPMorgan Chase Bank, N.A for an amount to be proven at trial, including an award of interest and an award of attorney's fees and costs pursuant to Fla. Stat. § 501.211(1) and 501.2105, together and other relief deemed just and appropriate by this Honorable Court. Plaintiff Doe and Class Members reserve the right to seek leave of Court to assess punitive damages against Defendant JPMorgan Chase Bank, N.A.

15

## COUNT II - FRAUD

Plaintiff and re-allege, and adopt by reference herein, Paragraphs 1-68 above, and further allege:

83. Defendant Chase knowingly and deliberately fraudulently solicited victims, like Plaintiff and Class Members, to use the credit card at issue for travel and household related purchases by falsely withholding and/or failing to make obviously known material information from victims, like Plaintiff and Class Members, that Defendant Chase would access wrongful, alleged "fees" for *some* of these charges.

84. Defendant's material Omissions and/or misrepresentations here are tantamount to false statements of material fact.

85. Plaintiff and Class Members relied on Defendant's statements, and therefore material Omissions and/or misrepresentations, when using the credit card at issue to make the transactions at issue in this matter.

86. Plaintiff and Class Members was justified under the circumstances here to rely on Defendant's statements, and therefore material Omissions and/or misrepresentations, when using the credit card at issue to make the transactions at issue in this matter.

87. Under the circumstances, Defendant Chase knew or reasonably should have known that the material Omissions and/or misrepresentations here were false and/or should have been corrected by Defendant alerting victims, like Plaintiff and Class Members here, that the transactions at issue would be subject to Defendant's wrongful "fees."

88. Defendant Chase intended to induce victims, like Plaintiff and Class Members, into using the credit card at issue to make the transactions at issue in this matter.

89. Despite Plaintiff expressly reaching out to Defendant Chase to have these wrongful "fees" removed from Plaintiff's account, Defendant Chase has still refused to do so.

16

90.	Defendant Chase's wrongful behavior continues to the present. Defendant has failed to cease charging these wrongful "fees" and/or credit the subject "fees" despite Defendant being explicitly informed that such charges had wrongfully charged and numerous other Chase cardmembers have commented publicly about complaining to Chase to have these illegal "fees" removed.

91.	As a direct and proximate result of Defendant Chase's conduct, Plaintiff and Class Members have suffered, and continues to suffer material actual damages, attorneys' fees, court costs, and other losses to be proven at trial.

**WHEREFORE** Plaintiff and Class Members demand judgment against Defendant JPMorgan Chase Bank, N.A. in an amount to be determined at trial, together with interest and costs and other relief deemed just and appropriate by this Honorable Court.  Plaintiff Doe and Class Members reserve the right to seek leave of Court to assess punitive damages against Defendant JPMorgan Chase Bank, N.A.

## COUNT III – BREACH OF CONTRACT

Plaintiff and Class Members re-allege, and adopt by reference herein, Paragraphs 1-68 above, and further allege:

92.	Defendant freely entered into a contract with Plaintiff and Class Members not to charge and/or access wrongful fees.

93.	Defendant materially breached the contract with Plaintiff and Class Members when it engaged in the conduct detailed in this Complaint.

94.	Defendant's actions constitute an on-going material breach of contract.

95.	As a result of Defendant's material breach of the contract, Plaintiff and Class Members have incurred damages, liquidated damages, statutory damages, attorney's fees, costs,

17

and interest.

WHEREFORE, Plaintiff and Class Members demand judgment against Defendant JPMorgan Chase Bank, N.A. for an amount to be proven at trial, including an award of fees, interests and costs.

## COUNT IV – MISLEADING ADVERTISING

Plaintiff and Class Members re-allege, and adopt by reference herein, Paragraphs 1-68 above, and further allege:

96.    Pursuant to Fla. Stat. § 817.41, Florida law prohibits "any person to make or disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement. Such making or dissemination of misleading advertising shall constitute and is hereby declared to be fraudulent and unlawful, designed and intended for obtaining money or property under false pretenses."

97.    Defendant made false representations of material fact that it knew, or should have known, were false.

98.    The Omissions detailed in this action also constitute false representations of material fact.

99.    Defendant has advertised to victims like Plaintiff and Class Members that it does not charge fees for using Defendant Chase's Sapphire card on hotel accommodations and U.S. based websites, like those detailed in this action.

100.   In truth and in fact, Defendant treats the advertised benefits and representations that Defendant's most loyal customers detrimentally rely on receiving as second-hand,

18

after-thoughts that Defendant can revoke, change, about which Defendant can make material Omissions, and/or fail to provide without consequence.

101. Plaintiff and Class Members are not some charity cases who was merely lucky enough to be given some kind of complimentary gift by Defendant.

102. Rather, Plaintiff and Class Members detrimentally relied on Defendant's representations that Plaintiff and Class Members would be provided with the benefits outlined by Defendant's advertisement in exchange for Plaintiff and Class Members's hard-earned monies.

103. Defendant knew, or should have known, that the aforementioned false representations of material fact disseminated by the Defendant were/are false.

104. Defendant disseminated false representations of material fact with the intent to induce Plaintiff and Class Members to rely on said false representations.

105. The false representations of material fact made by the Defendant were likely to deceive reasonable consumers, like Plaintiff and Class Members.

106. Plaintiff and Class Members reasonably relied on the false representations of material fact made by the Defendant.

107. In relying on the false representations of material facts made by the Defendant, Plaintiff and Class Members were deceived and suffered significant damages.

108. As a direct and proximate cause of Defendant's violations of Florida Statute § 817.41, Plaintiff has incurred material damages.

109. As a result of Defendant's unlawful false advertising practices, Plaintiff and Class Members are entitled to a judgment to recover for the damages caused by Defendant.

110. Plaintiff and Class Members are also entitled to reasonable attorney's fees and costs.

19

WHEREFORE Plaintiff and Class Members demand judgment against Defendant JPMorgan Chase Bank, N.A. for an amount within the jurisdictional limits of this Court, including an award of fees, interests and costs if applicable.

## RESERVATION OF RIGHTS

Plaintiff and Class Members reserve the right to further amend this Complaint, upon completion of its investigation and discovery, to assert a claim for punitive damages, as well as any additional claims for relief against Defendant JPMorgan Chase Bank, N.A. or other parties as may be warranted under the circumstances and as allowed by law.

## JURY DEMAND

Plaintiff and Class Members demand trial by jury on all claims so triable.

Respectfully submitted,

By: /s/ Amado Alan Alvarez
AMADO ALAN ALVAREZ
Florida Bar No. 746398
BOARD CERTIFIED CIVIL
TRIAL LAWYER
THE ALVAREZ & FRIGER
TRIAL LAW FIRM
The Concorde Office Tower
66 West Flagler Street, 12th Floor
Miami, Florida 33130
Tel. (305) ALVAREZ [258-2739]
Fax: 1 (844) ALANFAX [252-6329]
Email: Alan@AlvarezFrigerTLF.com

20

BY: <u>Jordan A. Dresnick</u>

JORDAN A. DRESNICK

Florida Bar No. 058529

LAW OFFICES OF JORDAN A. DRESNICK
901    Brickell Key Blvd.
Suite 2901
Miami, FL 33131
Telephone:      (786) 220-8785
E-mail: jordandresnick@gmail.com


Dated: May 3, 2026