UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO 26-24587-CIV-DIMITROULEAS

JOHN DOE,

     Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A.,

     Defendants.

_____/

## **ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Compel Compliance with Federal Rule of Civil Procedure 10(a), filed herein on July 23, 2026. [DE 7]. Therein, Defendant JPMorgan Chase Bank, N.A. ("Chase") moves to "either compel plaintiff John Doe [] to comply with Federal Rule of Civil Procedure 10(a), which requires a complaint to 'name all the parties' to an action, or require Plaintiff to follow the appropriate procedure for requesting leave of this Court if Plaintiff wishes to proceed anonymously." *Id.* Chase furthermore requests "that its deadline to respond to the Complaint [] be stayed pending Plaintiff's identification or an Order of this Court allowing Plaintiff to proceed anonymously." *Id.* The Court has reviewed the Motion and the record and is otherwise fully advised.

Chase removed this action on July 2, 2026. [DE 1]. On July 8, 2026 Chase moved for extension of time to respond to the Complaint. Therein, Chase requested an extension of time "until such time as the Plaintiff discloses their identity or is otherwise granted leave of court on the Plaintiff's own motion to proceed anonymously." [DE 3]. Chase so requested because, depending on Plaintiff's identity, "it is likely that the Chase credit card account at issue is

governed by a written agreement that contains a mandatory arbitration provision." *Id.*

The Court Granted the Motion in part, allowing Chase until July 23, 2026 to file a response to the Complaint. The Court stated, "If by July 23, 2026, Plaintiff's identity remains undisclosed, the Court will permit Defendant to file a motion to compel arbitration at such later time as Defendant determines that the relationship is governed by an arbitration provision." [DE 5].

On July 23, 2026, rather than follow the Court's directive to file a response to the complaint, Chase filed the instant Motion, seeking a stay of the deadline to respond to the Complaint until such time as the issue of proceeding anonymously is resolved. *See* [DE 7].

The Court has broad discretion in deciding how to manage its docket, which includes the discretion of whether to stay proceedings. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *CTI-Container Leasing Corp. V. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir. 1982)*.* Although the Court awaits a response from Plaintiff with respect to the issue of proceeding anonymously, the Court denies Chase's request for a stay until Plaintiff's identity is revealed. As previously stated, Chase may file a motion to compel arbitration when and if Plaintiff's identity is revealed; however, that has little bearing on Chase's ability to file a response to the Complaint, which is now past due. *See* Fed. R. Civ. P. 81(c)(2)(C).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Motion [DE 10] is **DENIED IN PART** as to Chase's request for a stay.

2.      Chase's response to the Complaint is presently due. Failure to file a response to the Complaint will result in the Court directing Plaintiff to move for entry of clerk's default. [1]

---

[1] Nor does Plaintiff's pending motion for remand [DE 10] obviate Chase's obligation to timely file a response to the Complaint.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 31st day of July, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to
Counsel of record