UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO 26-24587-CIV-DIMITROULEAS

JOHN DOE,

      Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A.,

      Defendants.

_____/

## ORDER

THIS CAUSE is before the Court upon Defendant JPMorgan Chase Bank, N.A.'s Motion to Compel Compliance with Federal Rule of Civil Procedure 10(a) (the "Motion"), filed herein on July 23, 2026 [DE 7]. Therein, Chase (in relevant part) moves for an Order compelling Plaintiff to file an amended complaint that identifies himself by his full legal name, or file an appropriate motion seeking leave to proceed anonymously. *Id.* p. 6. The Court has carefully considered the Motion [DE 7] and is otherwise fully advised in the premises. For the reasons below, the Motion [DE 7] is **GRANTED**.

First, Chase's Motion is due to be granted by default. Local Rule 7.1(c)(1) provides that "[f]or all motions, except motions served with the summons and complaint, each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)(1).  As of the date of this Order, no response to the Motion [DE 7] has been filed and the time for such filing has passed. *See* S.D. Fla. L.R. 7.1(c)(1).[1]

---

[1] The Court indicated in its July 31, 2026 Order that it "awaits a response from Plaintiff with respect to the issue of

Second, the Court agrees with Chase that Plaintiff may not proceed anonymously without leave of court and upon a showing of good cause. As the Eleventh Circuit has explained:

> Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed.R.Civ.P. 10(a) (2010). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Frank,* 951 F.2d at 322 (citing *Doe v. Rostker,* 89 F.R.D. 158, 160 (N.D.Cal.1981) and *Doe v. Deschamps,* 64 F.R.D. 652, 653 (D.Mont.1974)). This creates a strong presumption in favor of parties' proceeding in their own names. Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not. *See Doe v. Smith,* 429 F.3d 706, 710 (7th Cir.2005) ("[The plaintiff] has denied [the defendant] the shelter of anonymity—yet it is [the defendant], and not the plaintiff, who faces disgrace if the complaint's allegations can be substantiated. And if the complaint's allegations are false, then anonymity provides a shield behind which defamatory charges may be launched without shame or liability.").

> Nonetheless, the rule is not absolute. A party may proceed anonymously in a civil suit in federal court by showing that he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' " *Frank,* 951 F.2d at 323 (quoting *Stegall,* 653 F.2d at 186). In evaluating whether a plaintiff has shown that he has such a right, the court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir.1979) [hereinafter, *SMU*]).

*Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). Here, Plaintiff has not moved for leave to proceed anonymously, and thus has not made any such showing that proceeding anonymously is appropriate. Nor does Plaintiff's pleading [DE 1-2]—which generally alleges that revealing his name "would bring reputational harm for which he has already been victimized" (Compl. ¶ 10)—suffice to demonstrate a "substantial privacy right" which outweighs the presumption of public judicial proceedings. *See Plaintiff B*, 631 F.3d at 1315.

---

proceeding anonymously." [DE 12].

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion [DE 7] is

**GRANTED** as follows:

1. By August 14, 2026, Plaintiff may file a motion explaining why Plaintiff should be permitted to proceed anonymously in this action.

2. Failure to file such a motion will result in the Court requiring Plaintiff to file an amended pleading naming Plaintiff.

   **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of August, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record