UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-24587-CIV-DIMITROULEAS

JOHN DOE,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.
_______________________________________/

**ORDER REMANDING CASE TO MIAMI-DADE COUNTY COURT**

THIS CAUSE is before the Court upon Plaintiff's Amended Motion for Remand and Attorney's Fees [DE 10], filed July 30, 2026. The Court has carefully reviewed the Motion [DE 10], Defendant's Response [DE 17], Plaintiff's Reply [DE 22], and is otherwise fully advised in the premises. For the reasons explained below, the Court finds that the amount in controversy requirement for purposes of removal of this action to federal court has not been met. This case shall promptly be remanded to county court.

## I. BACKGROUND

On May 3, 2026, Plaintiff filed a Complaint against Defendant, JPMorgan Chase Bank, N.A., seeking damages related to Defendant's purported violations of the Florida Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA"). [DE 1-1]. Defendant removed the case on July 2, 2026, under the Class Action Fairness Act ("CAFA"). [DE 1]. Plaintiff filed a Motion to Remand on July 30, 2026, alleging that Defendant had not sufficiently demonstrated that CAFA's $5,000,000 amount-in-controversy requirement had been met. *See* [DE 10].

In its Notice of Removal, Defendant alleged that "Chase's business records reflect that, since May 3, 2021, the total amount of fees assessed on cash-like transactions in connection with credit card accounts where the address of record is in Florida is greater than $5,000,001." [DE 1] at 6.

In its Motion to Remand, Plaintiff challenges Defendants' assertion regarding the total amount of fees at issue, referencing his Complaint statement that "[t]his is an action for damages of $99.00 or less." *See* [DE 10] at 2 (quoting [DE 1-1] ¶ 12). In response, Defendant argues that Plaintiff is attempting to recharacterize his claim from that of a putative class action to one involving an individual small-claims dispute. [DE 17] at 2. To support its amount-in-controversy claim, Defendant specifies that five years was the applicable class period to support its calculations because a breach of contract claim has a five-year statute of limitations under Florida law. *Id.* at 4. Defendant also puts forth an affidavit from Anandu Anilkumar, Vice President of Product at Chase. [DE 17-2]. Anilkumar's affidavit states that, based on his review of the records, "between May 1, 2023 and May 3, 2026 [the applicable five-year period], there were over 101 unique Chase credit card accounts associated with an address in Florida that had at least one person-to-person money transfers and/or account funding transactions …" where "the total amount of fees assessed on the [transactions] exceeds $5,000,001." [DE 17-2] ¶ 4. Plaintiff challenges these assertions, deeming that each of the fees assessed "are for several dollars each" and charges in dispute for each member of the putative class are "nominal." [DE 22] at 3.

Plaintiff also challenges the timeliness of Defendant's removal, alleging that Defendant was served with the state complaint on June 3, 2026, and did not file its Notice of Removal with the Miami-Dade county court until July 8, 2026, thus failing to satisfy the 30-day removal

deadline. [DE 10] at 4. In response, Defendant contends that removal was timely because it filed its Notice of Removal in this Court on July 2, 2026, within the 30-day limit, and subsequently promptly notified the county court of removal. [DE 17] at 6–7.

## II. LEGAL STANDARD

Federal courts have jurisdiction over certain class actions removed from state court when, among other requirements, the case has an amount-in-controversy of more than $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

The Eleventh Circuit has employed two different burdens of proof for addressing amount-in-controversy disputes. First, "[i]f a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the… jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

Second, in cases where a plaintiff makes a specific allegation that damages are *less than* the jurisdictional threshold, the removing "defendant must prove *to a legal certainty* that plaintiff's claim *must exceed*" the applicable amount-in-controversy requirement. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). (emphasis added); *see also e.g., Janoka, Inc. v. Veolia ES Solid Waste Se., Inc.*, 2012 WL 1623008, at *1 (M.D. Ala. May 9, 2012) (applying *Burns* to the amount-in-controversy requirement under CAFA). In other words, "in order to satisfy the amount in controversy, Defendant must show that 'an award below the jurisdictional amount would be outside the range of permissible awards.'" *Alliandach Dev., Inc. v. Nationwide Ins. Co. of Am.*, No. 1:18-CV-23737-UU, 2018 WL 6514810, at *2 (S.D. Fla. Nov. 21, 2018) (quoting *Burns*, 31 F.3d at 1096). When a "plaintiff's complaint specifically seeks less than [the jurisdictional minimum], if there is a chance that a state court would award a prevailing plaintiff

less than the jurisdictional amount, a federal court must remand the case." *Burns*, 31 F.3d at 1096 n.9. Here, Plaintiff has affirmatively stated that his claim amounts to "damages of $99.00 or less… exclusive of interest, costs, liquidated damages, statutory and attorneys' fees…" [DE 1-1] ¶ 12.

However, the Supreme Court has posited that class action removals may be governed under a different standard, even when Plaintiff specifies damages sought. In *Standard Fire Ins. Co. v. Knowles*, the Supreme Court held that "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *See* 568 U.S. 588, 593 (2013). The Supreme Court explained that a plaintiff cannot unilaterally reduce the value of the putative class members' claims and overturned the district court's ruling that the plaintiff's precertification stipulation could overcome the district court's finding that the CAFA jurisdictional threshold had been met. *See id.*

In *Dart*, the Supreme Court further clarified the burden of proof in class action removals. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *See id.* at 87–89. If Plaintiff challenges Defendant's valuation of the amount-in-controversy, "both sides submit proof and the court decides, by a *preponderance of the evidence*, whether the amount-in-controversy requirement has been satisfied." *Id.* (emphasis added). Ultimately, as the one seeking removal, it is Defendant's burden to demonstrate by a preponderance of the evidence that the amount in controversy has been met. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 752 (11th Cir. 2010)). In determining whether a defendant has met its burden, "[a] court may rely on evidence

put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *Id.* (citing *Pretka*, 608 F.3d at 753–54).

Importantly, the Supreme Court has stated that, in the context of CAFA, no "anti-removal presumption" operates as it may in other removal cases. *Dart*, 574 U.S. at 89; *see also Dudley v. Eli Lilly & Co*., 778 F.3d 909, 912 (11th Cir. 2014) (noting that "[p]rior to *Dart,* [the Eleventh Circuit] had presumed that in enacting CAFA, Congress had not intended to deviate from established principles of state and federal common law, which included construing removal statutes strictly and resolving doubts in favor of remand.") (internal citations and quotations omitted).

## III. CAFA BACKGROUND

The Class Action Fairness Act ("CAFA"), enacted February 18, 2005, gives federal courts jurisdiction to hear class action lawsuits involving minimally diverse parties and more than five-million dollars in controversy. 28 U.S.C. § 1332(d). CAFA grants original jurisdiction to the federal courts in class actions in which "any member of a class of plaintiffs" possesses the requisite diversity with respect to "any defendant." 28 U.S.C. § 1332(d).

Under CAFA, Congress created the concept of balanced diversity. CAFA of 2005, Pub.L, No. 109-2, § 2, 119 Stat. 4 (modified in scattered sections of 28 U.S.C.); S.Rep. No. 109-14, at 6 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 7. Unlike normal diversity jurisdiction requirements where plaintiffs and defendants must be completely diverse, "balanced diversity" will tolerate some class action plaintiffs sharing citizenship with defendants so long as at least one member of a class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. 1332(d)(2)(A). In this instance, a district court shall have original jurisdiction provided that two other requirements are met: (1) the proposed plaintiff class consists of 100 or more members, 28

U.S.C. 1332(d)(5)(B); and (2) the aggregate amount-in-controversy exceeds the sum or value of $5,000,000. 28 U.S.C. 1332(d). *See S. Fla. Wellness, Inc., v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). With respect to the requisite amount in controversy, CAFA eliminates the general rule of non-aggregation for purposes of determining the amount in controversy.

The Eleventh Circuit has held that "jurisdictional facts are assessed at the time of removal" and that "post-removal events … do not deprive federal courts of" jurisdiction. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009).

## IV. <u>ANALYSIS</u>

*a. Whether Plaintiff's Claims Meet the Amount-in-Controversy*

Defendant first argues that CAFA requires the Court to treat Plaintiff's claim as a putative class action due to Plaintiff's class allegations in his Complaint, *see* [DE 1-1] ¶¶ 58–68. [DE 17] at 2. Defendant further maintains that Plaintiff cannot defeat CAFA jurisdiction by pointing only to his $99-or-less claim. [DE 17] at 2.

Except where Congress has granted federal courts exclusive jurisdiction, plaintiffs are the 'master of the complaint and are free to avoid federal jurisdiction by structuring their case to fall short of a requirement of federal jurisdiction.'" *Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1379 (N.D. Ga. 2014) (quoting *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal citation and quotation marks omitted)). Courts give deference to a plaintiff's determination of the value of his suit, assuming that "plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception." *Burns*, 31 F.3d at 1095. Thus, when made in good faith, Plaintiff's amount-in-controversy claim is controlling. Here, Plaintiff drafted his Complaint to fall far below the $5,000,000 amount in controversy threshold required for federal jurisdiction under CAFA (and even to fall far below the $8,000 amount-in-

controversy threshold for the Florida Small Claims Court). However, under *Standard Fire*, Plaintiff risks impermissibly binding the rest of the putative class by imposing such a cap on damages sought.

Defendant contends that the appropriate burden of proof in this case, where "a specific amount of damages is not pled," is for the removing party to establish "more likely than not that the amount in controversy exceeds the jurisdictional requirement." [DE 17] at 3. Defendant fails to recognize that Plaintiff **did plead** a specific amount of damages. In such cases, courts generally apply the legal certainty standard. *See generally Burns*, 31 F.3d 1092. However, as discussed in Section II *supra*, the Supreme Court's jurisprudence counsels against applying the legal certainty standard here. The Court recognizes that, after the Supreme Court's decision in *Dart*, CAFA departs from the traditional "anti-removal" presumption, noting Congress's preference for having class actions adjudicated in federal courts. However, there is no Eleventh Circuit precedent clarifying that the *Burns* legal certainty standard does not apply to removals under CAFA. The Court need not resolve which standard applies in this case, because Defendant fails to meet its burden under both.

In its Notice of Removal, Defendant alleged that "Chase's business records reflect that, since May 3, 2021, the total amount of fees assessed on cash-like transactions in connection with credit card accounts where the address of record is in Florida is greater than $5,000,001." [DE 1] at 6. These allegations are conclusory at best; Defendant offers no information about the value of the excess charges on the credit accounts or the actual size of the class to be considered. Without this necessary information, the Court cannot determine whether Plaintiff's claim exceeds $5 million. *See Morgan v. Gay*, 471 F.3d 469, 475–76 (3d Cir. 2006), *abrogated on other grounds by Dart v. Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014) (concluding that

defendant did not meet its burden where defendant failed to provide actual evidence of the cost to plaintiffs and where the actual class size was uncertain).

Defendant attempts to proffer additional evidence regarding the amount in controversy in its Response by attaching testimony from its Vice President of Product. *See* [DE 17-2]. However, all Mr. Anilkumar's declaration does is affirm the Defendant's initial conclusory claim that the amount exceeds $5 million from "over 101 unique Chase credit card accounts." *Id.* ¶ 4. Without additional information regarding the value of the putative class's claims, defendant fails to meet its burden under both the preponderance of the evidence and the legal certainty standards.

It is surely possible that, while in county court, more evidence about potential damages may come to light. *See Eli Lilly*, 778 F.3d at 913 ("a CAFA defendant who fails to meet his burden for removal at the early stages of litigation may still have recourse to the federal courts later, after a fuller record has been developed in discovery in the state court."); *see also* 28 U.S.C. § 1453(b) (establishing that the one-year removal requirement does not apply to class actions). At that point, Defendant may seek to return to federal court. At this stage of the litigation, however, this Court finds that Defendant has not established that the amount-in-controversy exceeds $5,000,000.

*b. Whether Defendant's Removal Was Timely*

In the alternative, Plaintiff argues that Defendant failed to comply with the timing requirements under 28 U.S.C. § 1446(b) and (d), which respectively require the removing party to file its Notice of Removal in federal court within 30 days of being served and to "promptly after the filing of such notice … file a copy of the notice with the clerk of such State court" effectuating the removal. *See* 28 U.S.C. § 1446(b), (d). Defendant successfully rebuts the claim

that its Notice of Removal was not timely in this Court, as it was filed within 30 days of being served.

With respect to his prompt notice argument, Plaintiff points to *Coletti*, a 1967 case where the district court held that a five-day delay in filing a copy of the notice with state court justified remand as violating § 1446. *See Coletti v. Ovaltine Food Prods.*, 274 F.Supp. 719, 723 (D.P.R. 1967). The Court agrees with Defendant that the six-day delay here should be considered "prompt," given the intervening federal holiday. *See* [DE 17] at 7. Thus, while removal was timely and prompt, Defendant nevertheless fails to meet its burden in demonstrating the amount-in-controversy exceeds the minimum recognized by CAFA.

c. *Attorney's Fees*

Plaintiff further contends that he is entitled to an award of attorney's fees and costs incurred as a result of removal. 28 U.S.C. § 1447(c) provides for "payment of just costs and any actual expenses, **including attorney fees,** incurred as a result of the removal." The Supreme Court has interpreted § 1447(c) to permit a court to award attorney's fees in circumstances where the removing party lacked an "objectively reasonable basis" for seeking removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132, 140 (2005) (explaining that "there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases" while also recognizing Congress's "desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party").

The decision to award fees is left to the Court's sound discretion. *See Martin*, 546 U.S. at 139. The Court agrees with Defendants that they had an objectively reasonable, albeit unsuccessful, basis for seeking removal. While largely conclusory, Defendants' allegations reasonably present the possibility that the aggregate amount-in-controversy exceeds $5 million;

however, as explained *supra*, the Court does not find this *possibility* to rise to the level of "more likely than not." *Cf. Golf Clubs Away, LLC v. Hostway Corp.*, 2012 WL 13005985 (S.D. Fla. Apr. 19, 2012) ("reluctantly" awarding fees because the sole basis of removal was Defendant's "equivocal deposition testimony … that the sum in controversy 'may' exceed the jurisdictional threshold."). Moreover, Defendants satisfied the other two elements for removal: minimal diversity and 100+ class members. *See Dodson v. Westervelt Eco. Servs.*, 2022 WL 2125137 (N.D. Fla. May 31, 2022) (finding that, while remand was proper because Defendants could not show by preponderance of the evidence that the amount in controversy exceeded $5 million, Defendants' removal was not objectively unreasonable).

Accordingly, although the Court has determined that remand is proper, the Court finds that Plaintiffs are not entitled to an award of attorney's fees under § 1447(c).

## V. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Amended Motion for Remand [DE 10] is **GRANTED**, and this case is REMANDED to the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County;
2. Plaintiffs' request for attorney's fees under 28 U.S.C. § 1447(c) is **DENIED**;
3. The Clerk is directed to **CLOSE** this case and **DENY** all pending motions as moot.
4. The Clerk shall mail copies of this order to counsel of record.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of September, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge